**Adeline Sturdivant, et al. v. Department of Health and Mental Hygiene**
No. 96, September Term 2012

**Public Employment - State Personnel Management System - Methods for Filling Vacancies.**  Under the State Personnel Management System, an agency may fill vacant positions through recruitment, as opposed to reinstatement of former employees who had been laid off.  In doing so, however, the agency must follow statutory procedures governing recruitment and may not conduct what is in effect a reinstatement process that does not comply with the statutory provisions on reinstatement.

ADELINE STURDIVANT, et al.     *     In the

                                     *     Court of Appeals

    v.

                                       *     of Maryland

                                       *     No. 96

MARYLAND DEPARTMENT OF     *     September Term, 2012
HEALTH AND MENTAL HYGIENE

# O R D E R

The Court having considered the Motion for Partial Reconsideration filed by the

Respondent in the above captioned case, it is this 27th day of January, 2014,

ORDERED, by the Court of Appeals of Maryland, that the motion for partial

reconsideration be, and it is hereby, granted in part and denied in part, as more particularly shown

on the attached Exhibit A; and it is further

ORDERED, the opinion of this Court originally filed on November 25, 2013 be, and it is

hereby, recalled and the opinion is reissued this date with modifications.

                                             /s/ Mary Ellen Barbera
                                                Chief Judge

## EXHIBIT A TO ORDER ON MOTION FOR PARTIAL RECONSIDERATION

Footnote 2 of the opinion shall be modified to read as follows:

The court also rejected the agency's contention that the administrative law judge erred in allowing certain laid-off employees to participate in the grievance because the agency had not preserved the issue below.  Before us, the agency renews that argument.  Arguably, the agency did raise the issue unsuccessfully before the administrative law judge.  However, the issue was not included in the questions presented by the grievants' petition for certiorari and the agency did not file a cross-petition for certiorari.  We decline to address it in this case. *See* Maryland Rule 8-131(b).

IN THE COURT OF APPEALS

OF MARYLAND

No. 96

September Term 2012

ON MOTION FOR RECONSIDERATION

---

ADELINE STURDIVANT, ET AL.,

v.

DEPARTMENT OF HEALTH & MENTAL HYGIENE

---

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
*Bell

JJ.

---

Opinion by McDonald, J.

---

Filed: January 27, 2014

*Bell, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

We granted a writ of certiorari in this case to consider the important question of whether, under the State Personnel Management System,[1] a State agency must fill vacancies by reinstating former employees who were laid off from similar positions or may elect to fill the vacancies by a recruitment process that casts a wider net.

That question arose as a result of a grievance filed by certain employees who had been laid off from jobs at Spring Grove Hospital, a State psychiatric hospital, and who were not rehired in order of seniority when the hospital later filled vacancies for positions comparable to those previously occupied by the laid-off employees. An administrative law judge concluded that the laid-off employees did not have a right to be rehired under a reinstatement process and denied the grievance. That decision was affirmed by the Circuit Court for Baltimore City in an oral opinion and written order, following a hearing.

The matter was appealed to Court of Special Appeals. The Court of Special Appeals concluded that there is no statutory preference for reinstatement, as opposed to recruitment, in the State Personnel Management System. 207 Md. App. 33, 51 A.3d 692 (2012). That court cautioned, however, that if an agency elects to fill vacancies through recruitment, it must follow statutory procedures that include public notice and transparency as to the selection criteria. The court noted that it is not clear from the record of this case whether the

---

[1] *See* Maryland Code, State Personnel & Pensions Article, §7-101 *et seq.*; §11-101 *et seq.*

agency complied with those criteria and remanded the case for further factfinding by the

administrative law judge.[2]

In reviewing a decision of a State administrative agency, our task is to "look through"

the decisions of the Circuit Court and the Court of Special Appeals and review directly the

decision of the agency. *People's Counsel for Baltimore County v. Loyola College of

Maryland*, 406 Md. 54, 66-67, 956 A.2d 166 (2008). That does not necessarily mean that we

need cast aside the work of our colleagues on the intermediate appellate court. We can

sometimes fulfill our role of providing a definitive answer as to State law without indulging

the conceit that we could somehow say it better. As Justice Jackson once observed of the

role of a high court: "We are not final because we are infallible, but we are infallible only

because we are final." *Brown v. Allen*, 344 U.S. 443, 540 (1953).

We have examined the record in this case and considered carefully the arguments

made by the parties, both of whom disagree with the intermediate appellate court's decision

in different respects. We find the well-researched and well-reasoned opinion of the Court

---

[2]The court also rejected the agency's contention that the administrative law judge erred in allowing certain laid-off employees to participate in the grievance because the agency had not preserved the issue below. Before us, the agency renews that argument. Arguably, the agency did raise the issue unsuccessfully before the administrative law judge. However, the issue was not included in the questions presented by the grievants' petition for certiorari and the agency did not file a cross-petition for certiorari. We decline to address it in this case. *See* Maryland Rule 8-131(b).

of Special Appeals to be unassailable in its analysis and conclusions and we adopt it as our own.[3]

It is perhaps useful to note that our action in this case is quite distinct from other situations in which we summarily dispose of a case for which we have granted certiorari. On occasion, this Court dismisses a case after briefing and argument on the ground that the petition for writ of certiorari was improvidently granted. In such cases the grant of the petition was a mistake, either because it becomes apparent later that there is truly no issue of public importance in the case or because there is such an issue, but it was not preserved

---

[3]It is only necessary to provide additional comment as to two matters. Before us, the agency contested the standing of the grievants based on two arguments not made to the Court of Special Appeals. First, it argued that some of the grievants had insufficient seniority points to be reinstated under a properly-run reinstatement process and therefore were not aggrieved by the agency action. Second, it also argued that the grievants would not benefit from the correction of possible defects in the recruitment process identified by the Court of Special Appeals. Neither argument requires reversal of that court's decision. The first argument may be pertinent to the remedy provided for particular petitioners, should those grievants prevail on remand. The second argument misconceives the significance of the inquiry into the alleged defects – *i.e.*, it is not to determine whether the grievants would have been selected under a perfectly-run recruitment process, but whether the process that was conducted was in fact a reinstatement process in the guise of a recruitment. *See* 207 Md. App. at 58 & n. 15.

We also note that, while the Court of Special Appeals listed five ways in which the process followed by the agency may not have comported with the statutory recruitment process, the grievants apparently concede that the agency carried out one of those provisions – in particular, certification to the Secretary of Budget and Management that the hiring process complied with the position selection plan and the State Personnel & Pensions, §7-201 *et seq.* As the court's opinion indicated, a violation of this technical provision concerning after-the-fact documentation of the process would be less significant than a failure to provide advance notice of the recruitment process to potential applicants.

below or the record in the case provides an inadequate basis for rendering useful guidance on that issue. In such a case, this Court's disposition leaves the lower court decision intact, but without our imprimatur of that decision as a controlling statement of Maryland law.[4]

By contrast, this case raises a legal question of public importance, on which certiorari was appropriately granted. *See* Maryland Code, Courts & Judicial Proceedings Article, §12-203 (Court of Appeals to review decision of Court of Special Appeals when "desirable and

---

[4]As one commentator has noted:

> ... Even if it is likely, for example, that the Court of Special Appeals has badly misinterpreted an important statute, the Court [of Appeals] may still wish to deny a petition seeking review of that construction. Perhaps the case did not present the issue properly because its factual setting was unclear; instead of settling the waters, a decision predicated on an insecure factual base may well muddy them further. The Court may also feel that the briefs and argument that can be expected from the litigants in the case at bar will not provide the "adversarial" help that a court needs in order to clarify its own thinking in the area. Or the Court may feel that the time has not come for deciding a particular issue, that the issue has not sufficiently "ripened" in the decisions of the lower courts, in the courts of other jurisdictions, or in the critical commentary so that the Court of Appeals will feel confident of the correctness of the decision it reaches. ... Such considerations, together with the underlying need of the Court to ensure that it has sufficient time for proper preparation and consideration of each case, suggest that the Court may properly feel no obligation to take every case that comes its way, even if those cases present serious questions of unsettled law....

W.L. Reynolds II, *The Court of Appeals of Maryland: Roles, Work and Performance – Part I*, 37 Md. L. Rev. 1, 11-12 (1977).

in the public interest"). The record provides an adequate basis for addressing that question, although not for resolving the outcome of this particular case. The intermediate appellate court has thoroughly and, in our view, correctly analyzed the legal issue concerning the interpretation of the State personnel law. We also agree that the record raises, but does not definitively answer, the question whether the agency was in fact filling the vacancies by a reinstatement process, rather than recruitment, in this particular instance; it is therefore appropriate to remand for further factfinding. There is little gained in our restating at length what has already been well said by the intermediate appellate court. What we add is an endorsement that removes any doubt as to the standing of that decision as the law of Maryland.[5]

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE SPLIT EQUALLY BY THE PARTIES.**

---

[5] In that sense, our decision carries greater weight than an "unexplicated summary affirmance" of a lower court decision. *See Mandel v. Bradley,* 432 U.S. 173, 176 (1977) (because a summary affirmance by the Supreme Court without an opinion "is an affirmance of the judgment only, the rationale of the affirmance may not be gleaned solely from the opinion below"); *Fusari v. Steinberg*, 419 U.S. 379, 391-92 (1975) (such a decision settles the issues for the parties, but is not "a renunciation ... of doctrines previously announced in [Supreme Court] opinions").