*TIG Insurance Company v. Monongahela Power Company, et al.*
No. 31, September Term 2013


**Choice of Law - Insurance Contract**.  Absent a choice-of-law provision in a contract, a Maryland court called upon to construe a contract applies the law of the place where the contract was made.  With respect to an insurance contract, the place of contracting is the jurisdiction in which the policy was delivered and the premiums were paid.  The Circuit Court properly applied these principles in ruling, on summary judgment and at a bench trial, that Pennsylvania law governed a contract to provide excess liability insurance coverage. The Court of Appeals declined to consider an argument by the insurer, made for the first time in appellate oral argument and unpreserved in the trial court, that language in the contract that the contract was "not ... valid unless" countersigned by the insurer meant that the place of countersignature determined the place of making of the contract.

Circuit Court for Washington County
Case No.: 21-C-03-167733
Argued : November 14, 2013

IN THE COURT OF APPEALS

OF MARYLAND

No. 31

September Term 2013

TIG INSURANCE COMPANY

v.

MONONGAHELA POWER COMPANY, *ET AL.*

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Wilner, (Retired,
    Specially Assigned),

JJ.

Opinion by McDonald, J.

Filed: February 24, 2014

We issued a writ of certiorari in this case to review a substantive choice-of-law question concerning the interpretation of insurance policies that may cover asbestos-related liability.   The question arose as a result of a lawsuit filed by a holding company, whose subsidiaries own power-generating facilities,[1] against multiple insurers regarding the terms of the liability policies the company purchased between 1970 and 1985.  In the Circuit Court for Washington County the parties argued that the disposition of the issues raised during the lawsuit turned on whether New York or Pennsylvania law applied to the interpretation of the policies.  After briefing and oral argument, the Circuit Court ruled in favor of the holding company that Pennsylvania law applied to all policies at issue in the lawsuit.[2]  One of the insurers, TIG Insurance Company ("TIG"), appealed to the Court of Special Appeals.

The Court of Special Appeals held that the Circuit Court properly granted summary judgment on this issue because there was no genuine dispute of material fact that the insurance contracts at issue were made in Pennsylvania – as opposed to New York, as urged by the insurers – and that, therefore, Pennsylvania law governed the interpretation of the policies.  209 Md. App. 146, 58 A.3d 497(2012).  We granted TIG's petition for a writ of certiorari to review that decision.

We have carefully reviewed the opinion of the Court of Special Appeals and the arguments made by TIG to reverse it.  We adopt the well-reasoned opinion of the Court of

---

[1]The subsidiaries were also parties to the litigation.  For simplicity, we refer to Respondents collectively as the holding company.

[2]At a subsequent hearing during a bench trial, the Circuit Court extended its ruling that Pennsylvania law governed the interpretation of the policies specifically to TIG's policies.

Special Appeals with the exception of its two-paragraph discussion addressing TIG's argument that the place of countersigning a policy determines the applicable state law.[3] *See* 209 Md. App. at 165-66. TIG's argument concerning the countersignature provision was not preserved in the Circuit Court and the record was insufficiently developed on that issue.[4] Accordingly, we explicitly do not adopt the two paragraphs of the Court of Special Appeals' opinion that discuss that issue, and we express no opinion as to the merits of the court's analysis of that issue.[5]

----

[3]TIG relied on a clause at the end of each of the policies in question which provided that "the policy shall not be valid unless completed by the attachment hereto of a Declarations page countersigned by a duly authorized representative of the company." TIG argued that the final act of contract formation would occur in the location where a policy was countersigned.

[4]No evidence was introduced in the Circuit Court concerning the place of countersignature and only one of the four copies of policies submitted as exhibits even bore a countersignature. The intermediate appellate court recognized that TIG had failed to raise its countersignature argument in the Circuit Court and, indeed, had not raised it in the appellate court prior to oral argument in the Court of Special Appeals. Nevertheless, it went on to address TIG's argument that the governing law would be the law of the state where the policies were countersigned. It concluded that there was no evidence in the record that the policies were countersigned in New York (as opposed to New Jersey or Illinois) and held that, even if the countersignature was made in New York, New York law did not apply because "countersigning of the policies was not the last act necessary to give the policies binding effect."

[5]Before this Court, TIG raises two additional arguments that we find to be without merit and address briefly.

First, TIG argues that the Court of Special Appeals relied on a party's "subjective belief" and ignored Maryland precedents on "offer and acceptance" when it referred to evidence submitted in the Circuit Court that the holding company considered itself to be bound by a policy when the policy was delivered to the company's Pennsylvania office. TIG

(continued...)

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

---

[5](...continued)
isolates that evidence out of context; it was just one part of several undisputed facts before the Circuit Court that the intermediate appellate court recounted in concluding that the trial court had properly concluded that the contracts were made in Pennsylvania and that Pennsylvania law applied. *See* 209 Md. App. at 164.

Second, TIG argues that the holding company never moved for summary judgment in the Circuit Court on the application of Pennsylvania law to TIG's policies. TIG itself, however, joined the motion of other insurers, who were then parties to the case, for summary judgment on the application of the New York law to the "general liability program policies." Furthermore, in its Brief in Opposition to TIG Insurance Company's Partial Summary Judgment Motion, the holding company asked the Circuit Court to deny TIG's motion to declare that New York law applied to TIG's policies and, instead, to declare that Pennsylvania law governed the interpretation of those policies.

3