*Austria Kponve v. Allstate Insurance Company*, No. 91, September Term, 2015.
Opinion by Harrell, J.

**INSURANCE – BURDEN OF PROOF – REDUCTION OF JUDGMENT**

Pursuant to *Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989), when a judgment for tort liability is entered in favor of an insured/injured victim, any subsequent recovery by the victim against her uninsured/underinsured insurer may be adjusted typically by agreement between the insured and her insurer or by a contract action to conform the recovery to the amount of uninsured/underinsured coverage under the policy, less any money paid by the underinsured tortfeasor to the victim. In this case, where the Petitioner's uninsured/underinsured insurer (Allstate) intervened in its insured's tort action against the tortfeasor, from which the judgment in favor of the insured and against Allstate was entered after the insured and tortfeasor settled the insured's claim for the tortfeasor's policy limit, the insurer did not have the burden of proving its policy limits in the tort action because: (1) the insurer had not been sued by its insured in a contract action (as contemplated by *Miller* as a vehicle to achieve the adjustment); (2) the subject of the policy limit had been discussed in the tort action (but the amount of coverage was not put on the record); and, (3) the amount of coverage was not in dispute on the record by the insured in the tort action. The disposition of the case by the Court of Special Appeals placed the matter on remand on a proper *Miller* track for resolution between insured and insurer.

IN THE COURT OF APPEALS
OF MARYLAND

No. 91

SEPTEMBER TERM, 2015

AUSTRIA KPONVE

v.

ALLSTATE INSURANCE COMPANY

Barbera, C.J.,
Greene,
Adkins,
McDonald,
Watts,
Harrell, Glenn T., Jr. (Retired, Specially
                                 Assigned),
Battaglia, Lynne A. (Retired, Specially
                                 Assigned),

JJ.

Opinion by Harrell, J.

Filed: June 22, 2016

With somewhat greater frequency than Halley's Comet becomes observable to the naked eye from Earth,[1] this Court will adopt, in whole or in part (and without substantive change), an opinion of the Court of Special Appeals because we agree with its resolution of the matter and cannot improve often in any material way upon its analysis.[2] The opinion of the Court of Special Appeals in the present case, *Allstate Ins. Co. v. Kponve*, 225 Md. App. 370, 124 A.3d 1147 (2015), is such a nonpareil.[3] Its explication and application of the relevant law to the questions presented to it is spot-on. The denouement of the opinion represents an elegant balance of justice and law.

Because the questions presented to this Court and the intermediate appellate court differ slightly, we elaborate briefly on that point alone. We granted Austria Kponve's Petition for a Writ of Certiorari in this case to consider the sole question of whether *Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989) remains good law in Maryland, in light of the Court of Special Appeals's opinion in the present case. The parties disagree, of course, on the correct response to this query and, thus, we make clear

---

[1] Halley's Comet comes close enough to Earth to be visible about every 75-76 years.

[2] *See, e.g.*, *TIG Ins. Co. v. Monongahela Power Co.*, 437 Md. 372, 86 A.3d 1245 (2014); *Sturdivant v. Maryland Dep't of Health & Mental Hygiene*, 436 Md. 584, 84 A.3d 83 (2014); *Sherrard v. Hull*, 296 Md. 189, 460 A.2d 601 (1983); *State v. Bartlett*, 267 Md. 530, 298 A.2d 16 (1973).

[3] This is not a reference to the flat, round candies with white sugar sprinkles that many of us purchased at movie theater concession stands in our youth.

our answer that *Allstate Ins. Co. v. Miller*, remains sound law. The Court of Special

Appeals, in answering a different question put to it by the parties[4], concluded that:

> Allstate was never sued in contract and therefore we are dealing with a tort
> case, pure and simple and not, as in *Miller,* with what was "functionally . . .
> a tort case." In a tort case, regardless as to whether policy limits are
> disputed, the amount of uninsured motorist coverage is irrelevant—those
> limits would only have relevance if it was necessary to bring a breach of
> contract action against Allstate. There is no language in *Miller* that
> supports [Kponve's] position or bolsters the (implied) position of the trial
> judge in this case. Instead, the *Miller* case makes clear, that Allstate did not
> have the burden of proof as to contract damages in a tort case such as this.

*Kponve*, 225 Md. App. at 387-88, 124 A.3d at 1157-58. We do not perceive that the

Court of Special Appeals disregarded or diminished, as Petitioner suggests, the vitality of

the holding and reasoning in *Miller*. Rather, recognizing that the present case proceeded

entirely as a tort action, and not a contract action, the judgment of the Court of Special

Appeals, through its sound reasoning, placed, upon remand, this case on the correct

*Miller* path.

**JUDGMENT OF THE COURT OF
SPECIAL APPEALS AFFIRMED. COSTS
TO BE PAID BY PETITIONER.**

---

[4] The question presented to the Court of Special Appeals by Allstate asked whether it was erroneous for the Circuit Court for Montgomery County to deny Allstate's Post Trial Motion to Reduce the Judgment to conform to its uninsured/underinsured policy limit, which motion was filed by Allstate (an intervenor in the tort action) in the tort case brought by its insured against the potentially underinsured tortfeasor.