*David Esteppe v. Baltimore City Police Department*
No. 47, September Term 2020


**Local Government Tort Claims Act – Tortious Act or Omission of Local Government Employee – Scope of Employment.** Under the Local Government Tort Claims Act, Maryland Code, Courts & Judicial Proceedings Article, §5-301 *et seq*., subject to certain conditions and exceptions, a local government may be held liable for a judgment against one of its employees based on a tortious act or omission of the employee within the scope of employment. Illegal or tortious conduct by a local government employee does not automatically fall outside the scope of employment. A local government employee's conduct is within the scope of employment if (1) the conduct is in furtherance of the employer's business, at least in part, and (2) the conduct was authorized by the employer or incidental to the performance of duties authorized by the employer. *Baltimore City Police Department v. Potts*, 468 Md. 265 (2020).


**Local Government Tort Claims Act – Scope of Employment – Summary Judgment.** A circuit court may not grant summary judgment against a police department and hold, as a matter of law, that a police officer's tortious conduct fell within the scope of the officer's employment when the record before the court contains evidence that the conduct was motivated by personal reasons and there is no factual support in the record that the officer acted, even in part, in furtherance of the interests of the police department.

Circuit Court for Baltimore City
Case No. 24-C-13-001297
Argument: April 8, 2021

IN THE COURT OF APPEALS
OF MARYLAND

No. 47

September Term, 2020

_____

DAVID ESTEPPE

V.

BALTIMORE CITY POLICE DEPARTMENT

_____

Barbera, C.J.,
McDonald
Watts
Hotten
Getty
Booth
Biran,

JJ.

_____

Opinion by McDonald, J.

_____

Filed: August 25, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Under the Local Government Tort Claims Act ("LGTCA"),[1] a local government in Maryland may be held liable for a judgment rendered against one of its employees based on a tort committed by the employee, subject to certain conditions and exceptions. On occasion, the liability of a local government for a tort committed by an employee turns on a resolution of a dispute over whether the employee was acting within the scope of employment at the time the employee committed the tort. This case is one of those occasions.

This appeal concerns the effort of Petitioner/Cross-Respondent David Esteppe,[2] who won a judgment for damages in his tort action against a Baltimore City police detective, to collect that judgment from Respondent/Cross-Petitioner Baltimore City Police Department ("the Police Department") and the Mayor and City Council of Baltimore City ("the City"). This case has proceeded in three acts during the past decade.

In Act I, in 2012 a Baltimore City police detective, Adam Lewellen, committed perjury to obtain a search warrant for Mr. Esteppe's home, and instigated a prosecution of Mr. Esteppe, in an effort to please Mr. Esteppe's estranged girlfriend, who was an old friend of Mr. Lewellen. When the internal affairs unit of the Police Department learned of

---

[1] Maryland Code, Courts & Judicial Proceedings Article ("CJ"), §5-301 *et seq.*

[2] The caption of this case in some of the papers filed in the Circuit Court, in the Court of Special Appeals, and in this Court, including the petition and cross-petition for *certiorari*, have identified the Plaintiff/Petitioner as David Esteppe, *et al.* – "*et al.*" being a Latin abbreviation for the Latin phrase *et alia*, which means "and others." However, our review of the record indicates that Mr. Esteppe has been, and remains, the sole party on his side of the case. We have adjusted the caption accordingly.

Mr. Lewellen's deception, Mr. Lewellen attempted to obstruct its investigation. Eventually, the prosecution of Mr. Esteppe was dropped, and criminal charges were brought against Mr. Lewellen. Mr. Lewellen ultimately pled guilty in 2014 to perjury and misconduct in office and resigned from the Police Department.

In Act II, Mr. Esteppe sued Mr. Lewellen in the Circuit Court for Baltimore City for the torts of assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence, violation of rights secured by the Maryland Declaration of Rights, and civil conspiracy. During the bench trial of that action in 2014, Mr. Esteppe emphasized the absence of a legitimate law enforcement purpose for his prosecution and Mr. Lewellen's personal motive for pursuing it. At the conclusion of the trial, the Circuit Court found Mr. Lewellen liable for negligence, violations of the Maryland Declaration of Rights, and civil conspiracy; the court granted Mr. Lewellen's motion for judgment on Mr. Esteppe's other claims. The court awarded damages in favor of Mr. Esteppe in the amount of $167,007.67. *Esteppe v. Lewellen*, 2014 WL 7636156 (Md. Cir. Ct. Nov. 7, 2014). The Circuit Court did not make any finding, one way or the other, as to whether Mr. Lewellen was acting within the scope of employment for purposes of the LGTCA.[3]

Mr. Lewellen appealed. The Circuit Court's decision was affirmed by the Court of Special Appeals in 2015, again without any reference to the LGTCA. *Lewellen v. Esteppe*, 2015 WL 7941110 (Md. Ct. Spec. App. Dec. 4, 2015), *cert. denied*, 446 Md. 705 (2016).

---

[3] The LGTCA was not mentioned in the complaint.

In Act III, Mr. Esteppe, believing that the LGTCA made the Police Department liable for the damages award against Mr. Lewellen, asked the Baltimore City Solicitor whether the City would pay the damages award pursuant to a memorandum of understanding ("MOU") that the City had with the Police Department.[4] Mr. Esteppe was advised that the Police Department believed that it was not responsible for the judgment because Mr. Lewellen had not been acting within the scope of his employment when he committed the wrongdoing. In July 2016, Mr. Esteppe filed, in the otherwise concluded proceeding against Mr. Lewellen in the Circuit Court, a "Motion for Declaratory Relief to Enforce Judgment" against the City and the Police Department, neither of which was a party in that action at that time.[5] In that motion, he sought to collect from the City and the Police Department, pursuant to the LGTCA, the damages he had been awarded against Mr. Lewellen.

Mr. Esteppe's motion was assigned to a different judge of the Circuit Court, who held a non-evidentiary hearing on the motion in September 2016. At the hearing, Mr.

---

[4] We note here the unique relationship of the City and the Police Department. Since the mid-19th century, for historical reasons beyond the scope of this opinion, the Police Department has technically been a State agency, although it is funded by the City. *See Houghton v. Forrest*, 412 Md. 578, 588 (2010). The Police Department is defined as a "local government" for purposes of the LGTCA. CJ §5-301(d)(21). In recent years, and in this appeal, it has been represented by the City Solicitor's Office. The General Assembly recently enacted legislation that would ultimately convert the Police Department into a City agency. Chapter 133, Laws of Maryland 2021.

[5] Mr. Esteppe's initial complaint in the action had named the Police Department, Baltimore City, and the State of Maryland as additional defendants. After those defendants each filed motions to dismiss, Mr. Esteppe consented to dismissal of his claims against them and filed an amended complaint that named Mr. Lewellen as the lone defendant.

3

Esteppe's counsel argued that Mr. Lewellen had acted within the scope of his employment and emphasized the police aspects of Mr. Lewellen's conduct: obtaining and executing a search warrant, seizing firearms, and making an arrest. However, counsel appeared to retreat from the prior reliance at the trial of the tort action on Mr. Lewellen's personal motive for his conduct, stating, for example, that "it's nothing but innuendo" that Mr. Lewellen took those actions for the sake of Mr. Esteppe's estranged girlfriend. Mr. Esteppe's counsel argued that the judgment against Mr. Lewellen became the responsibility of the Police Department under the LGTCA and that the City was responsible for paying that judgment under the MOU.

In response, counsel for the Police Department summarized key evidence that Mr. Esteppe had relied on at the trial and argued that Mr. Lewellen's conduct was outside the scope of his employment and "wasn't for any Baltimore Police Department purpose, it was for his own purpose and for his own friend's purpose." Counsel for the City argued that a "motion for declaratory relief" was not an appropriate procedural vehicle for Mr. Esteppe to make his claim and, more substantively, that Mr. Esteppe was not a third-party beneficiary of the MOU between the City and the Police Department.[6] The City also joined the Police Department's argument on scope of employment.

In November 2018, the Circuit Court issued a memorandum and order in which it concluded that Mr. Lewellen's actions were within the scope of his employment and held

[6] In a post-hearing filing, Mr. Esteppe cited intervening case law from the Court of Special Appeals and agreed that the Police Department, rather than the City, was the appropriate local government for purposes of his enforcement efforts under the LGTCA.

4

that the Police Department was liable for the judgment against him. The Circuit Court opined that the City was not liable under the LGTCA because Mr. Lewellen was not a City employee. However, the court noted that the City might be obligated to fund the Police Department's liability as a contractual matter under its MOU with the Police Department.

The Police Department appealed. The Court of Special Appeals stayed its consideration of the case pending this Court's opinion in another case in which the scope of employment of Baltimore City police officers for purposes of the LGTCA was at issue. *See Baltimore City Police Department v. Potts*, 468 Md. 265 (2020). Once the *Potts* decision was issued, the intermediate appellate court proceeded to decide the appeal in this case. In a well-reasoned decision, the Court of Special Appeals reversed the Circuit Court ruling and remanded the case for further proceedings. *Baltimore City Police Department v. Esteppe*, 247 Md. App. 476 (2020).

In its opinion, the Court of Special Appeals first addressed the Police Department's contention that Mr. Esteppe's "Motion for Declaratory Relief to Enforce Judgment" against a non-party – the Police Department – was procedurally irregular and that he should have pursued a separate action against the Police Department. The court analogized the situation to an insurance coverage dispute involving a private insurer. It held that, when there is a genuine dispute as to whether the local government employee was acting with the scope of employment, a tort victim must pursue that claim directly against the local government. 247 Md. App. at 503-07. Such an enforcement action may be instituted either in the underlying tort action or later in a separate enforcement action. *Id.* at 507-11. Mr. Esteppe had not taken either route, but the Police Department had appeared in response to his

5

motion and defended against his claim on the merits. By doing so, the intermediate appellate court concluded, the Police Department had waived any objection to the procedure followed by Mr. Esteppe and the Circuit Court. *Id*. at 511-13. The Police Department has not further appealed that issue, which therefore is not before us.

The Court of Special Appeals then addressed the merits of the Circuit Court's ruling that Mr. Lewellen had acted within the scope of his employment and that the Police Department was liable for the judgment against him. The intermediate appellate court regarded Mr. Esteppe's motion for declaratory relief as, in substance, a motion for summary judgment on the issue of whether Mr. Lewellen had acted within the scope of his employment as a police officer. It therefore treated the Circuit Court's ruling on that motion as an award of summary judgment in Mr. Esteppe's favor. 247 Md. App. at 497-98, 528 n.23. Before us, both parties accept that characterization of the Circuit Court's action.

The Court of Special Appeals then reviewed the record in light of the principal cases setting forth the standards for assessing scope of employment – *Potts* and the primary case on which the *Potts* court relied – *Sawyer v. Humphries*, 322 Md. 247 (1991). Under *Sawyer*, to establish that a local government employee committed a tort within the scope of employment, a plaintiff must prove that (1) the acts were in furtherance of the employer's business and (2) the acts were authorized by the employer. *Sawyer*, 322 Md. at 255; *Potts*, 468 Md. at 271. An employee's acts are outside the scope of employment where they are personal, where they represent a departure from a purpose of furthering the employer's business, or where the employee is acting to protect the employee's own

6

interests. *Sawyer*, 322 Md. at 256-57; *Potts*, 468 Md. at 290. With respect to the second prong of the test, to be considered authorized by the employer, the employee's actions must be at least incidental to those authorized by the employer, as determined by consideration of 10 factors outlined in those opinions. *Sawyer*, 322 Md. at 255-56; *Potts*, 468 Md. at 289-90.

The intermediate appellate court held that, on the basis of the undisputed facts in the record, Mr. Esteppe had failed to satisfy the first prong of the *Sawyer/Potts* test – *i.e.*, that Mr. Lewellen's actions were motivated at least in part by a purpose to serve the interests of the Police Department. The court observed that the evidence in the record supported a conclusion that Mr. Lewellen was acting to further his own interests, not the Police Department's. 247 Md. App. at 524-25. The court also noted that, under *Potts*, the fact that Mr. Lewellen was exercising the powers of a police officer was not dispositive. *Id.* at 526. Because Mr. Esteppe had failed to establish, based on the undisputed facts in the record before the trial court, that Mr. Lewellen's actions were motivated at least in part to further the Police Department's interests, he was not entitled to summary judgment on the issue of scope of employment. *Id.* at 527-28.

The Court of Special Appeals, noting that the Police Department had not filed its own motion for summary judgment, or any other motion that could be construed as a motion for summary judgment, declined to address whether the record would support summary judgment in favor of the Police Department. The court also did not consider the Police Department's estoppel argument – that Mr. Esteppe was bound as a matter of law by statements made by his counsel during the tort trial. The court noted that the Police

7

Department had asserted that argument only obliquely in the Circuit Court and the Circuit Court itself had not ruled on it. 247 Md. App. at 527-28 nn.22-23. Accordingly, the Court of Special Appeals reversed the judgment of the Circuit Court and remanded the case for what may be Act IV.

Mr. Esteppe filed a petition for a writ of *certiorari* concerning the scope of employment issue. The Police Department filed a cross-petition for a writ of *certiorari* in which it reiterated its estoppel argument. We granted both petitions.

When a circuit court grants a motion for summary judgment, as the Circuit Court effectively did here, it has concluded that, based on the undisputed material facts, the movant is entitled to judgment as a matter of law.[7] The appellate court conducts "an independent review of the record to determine whether a genuine dispute of material fact exists and whether the moving party is entitled to judgment as a matter of law." *Maryland Cas. Co. v. Blackstone Int'l Ltd.*, 442 Md. 685, 694 (2015). Because the circuit court's decision turns on a question of law, not a dispute of fact, an appellate court reviews whether

---

[7] In theory, a circuit court may award summary judgment in favor of a party against whom a motion is filed. See Maryland Rule 2-501(f) ("The court shall enter judgment in favor of *or against the moving party* …") (emphasis added). However, in this case, neither party actually filed a motion for summary judgment. *See Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.*, 335 Md. 135, 146 (1994) (noting that Rule 2-501 does not contemplate the grant of summary judgment "where none of the parties has moved for summary judgment"). While we agree that the Circuit Court's ruling was appropriately analyzed by the Court of Special Appeals as a grant of summary judgment in favor of Mr. Esteppe on the scope of employment issue, the procedural posture of this case in the Circuit Court was anomalous, and an appellate court has no basis for awarding summary judgment never sought or considered in the Circuit Court. In the circumstances of this case, it is appropriate to remand the case to the Circuit Court for further proceedings, including any motions for summary judgment.

the circuit court was legally correct without according any special deference to the circuit court's decision. *Mathews v. Cassidy Turley Maryland, Inc.*, 435 Md. 584, 598 (2013).

Before us, the parties generally reprise the same arguments that they made to the Court of Special Appeals, with only slight variation.[8] We have examined the record in this case and considered carefully the arguments made by Mr. Esteppe and the Police Department. We find the well-researched and well-reasoned opinion of the Court of Special Appeals to be unassailable in its analysis and conclusions. That court has correctly applied the law as it relates to the scope of employment for purposes of LGTCA liability in light of our recent decision in *Potts*.[9] This is one of those instances in which there is little profit in restating what has already been well-said by the intermediate appellate court,

---

[8] Mr. Esteppe asserts that the Court of Special Appeals, in stating that "no new evidence" was presented at the hearing on his motion, overlooked the exhibits submitted with his motion – in particular, materials related to the search warrant Mr. Lewellen obtained with a perjured affidavit. However, with respect to the exhibits related to the search warrant, many, if not all, of those items had been introduced into evidence at the trial or had been the subject of testimony during trial of the tort action. The opinion of the Court of Special Appeals thoroughly describes the application for that search warrant, its execution, and the criminal charges against Mr. Esteppe. 247 Md. App. at 488-91. The remaining exhibits attached to his motion were a copy of the criminal charges brought against him and copies of filings previously made in this case that are already in the record. To the extent that any of these attachments to the motion were not already in the record, Mr. Esteppe does not elaborate why he thinks any of this "new evidence" adds anything to his argument.

[9] With respect to the Police Department's argument that Mr. Esteppe is estopped from arguing that Mr. Lewellen acted to further the Police Department's interests because of an allegedly inconsistent position taken earlier in this litigation, we agree with the Court of Special Appeals that, given the unusual procedural posture of this case, that argument is more appropriately made in the first instance on remand, if the Police Department files its own motion for summary judgment.

other than to say that we adopt it as our own.  *See, e.g.*, *Kponve v. Allstate Ins. Co.*, 448 Md. 311 (2016); *TIG Ins. Co. v. Monongahela Power Co*., 437 Md. 372 (2014); *Sturdivant v. Maryland Department of Health & Mental Hygiene*, 436 Md. 584 (2014).  Instead, we add "an endorsement that removes any doubt as to the standing of that decision as the law of Maryland."  *Sturdivant*, 436 Md. at 590.

In sum, we agree with the Court of Special Appeals that Mr. Esteppe was not entitled to judgment as a matter of law.  We further agree that his lack of success on his motion did not necessarily mean that the Police Department – which has not filed a cross-motion of any sort – was so entitled and that remand to the Circuit Court for further proceedings is appropriate.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED.  COSTS TO BE PAID BY PETITIONER/CROSS-RESPONDENT.**